**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY HUNG, deceased; et al., | No. 18-15426 |
| Plaintiffs-Appellants, | D.C. No. 3:11-cv-04990-WHA |
| v. | |
| TRIBAL TECHNOLOGIES; GLENBOROUGH 400 ECR, LLC, a California limited liability company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Plaintiffs appeal from the district court's summary judgment in their

diversity action alleging state law claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo the district court's summary judgment on the basis of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

res judicata. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 761 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment for defendant Tribal Technologies on the basis of res judicata because all elements of res judicata are met, specifically plaintiffs' prior California state-court action was based on the same primary right, there was a final judgment on the merits, and the parties are in privity. *See id.* at 762 (elements of res judicata under California law).

To the extent plaintiffs challenge the district court's judgment for defendant Glenborough 400 ECR, LLC, it was previously affirmed by this court in *Hung v. Tribal Technologies*, 682 Fed. App'x 602 (9th Cir. 2017) and cannot be reexamined. *See S. Or. Barter Fair v. Jackson County, Or.*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("[T]he law of the case doctrine . . . precludes a court from reexamining an issue previously decided by the same court").

The district court did not abuse its discretion by denying plaintiffs' motion to compel because plaintiffs failed to demonstrate actual and substantial prejudice resulting from the denial of the requested discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

18-15426

We reject as unsupported by the record plaintiffs' contention that the district court was biased.

**AFFIRMED.**

18-15426